UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DUMONDE WILEY                                                       MOVANT/DEFENDANT

v.                                                          Criminal Action No.: 3:02CR-62-S
                                                            Civil Action No.: 3:06CV-P-590-S

UNITED STATES OF AMERICA                                            RESPONDENT/PLAINTIFF

## MEMORANDUM AND OPINION

Dumonde Wiley has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and this matter is ripe for adjudication. As explained below, because none of Wiley's arguments provide a basis for relief, his motion will be denied.

### I.

Dumonde Wiley and his co-defendant, Sidney Fletcher, were indicted together on thirteen counts of interference with commerce by threat or violence, violations of 18 U.S.C. § 1951(a), for their robberies of thirteen businesses. Because Fletcher and Wiley used firearms in these robberies, the grand jury also charged them with thirteen corresponding counts of using or carrying a firearm in relation to a crime of violence, violations of 18 U.S.C. § 924(c).[1] A jury convicted Fletcher and Wiley of the remaining twenty-two counts, and this Court sentenced each defendant, pursuant to statutory mandatory minimums and relevant sentencing guidelines, to a total of 3,184 months imprisonment. Both appealed their convictions and sentences, which were affirmed by the Sixth Circuit Court of Appeals. *United States v. Wiley*, 132 Fed. Appx. 635 (6th

---

[1] At the close of the United States's proof, the Court dismissed counts relating to two of the robberies.

Cir. 2005).

## II.

Wiley raises four grounds in support of his motion:  1) the Court committed reversible error when it denied Wiley's motion to sever; 2) the Court lacked jurisdiction because the United States did not establish that any of the businesses listed in the indictment were actually located in Jefferson County; 3) that his sentence violates his Eighth and Sixth Amendment rights; and 4) the fact that there was no "positive identification by any of the witnesses at trial nor any physical evidence to prove that these crimes were committed by Appellant beyond a reasonable doubt" violated his rights under the Sixth Amendment.[2]

Wiley unsuccessfully argued grounds one and three on direct appeal.  *See Wiley*, 132 Fed. Appx. at 638 (listing arguments raised on appeal).  "It is [] well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law."  *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).  Wiley does not argue that highly exceptional circumstances exist or that there has been an intervening change in the law.  As such, the Court will not reconsider these issues by way of a § 2255 motion.

In the second ground asserted by Wiley, he argues that the government failed to establish venue for any of the robberies.  Basically, Wiley complains that the United States was allowed to reopen its case for the limited purpose of proving that the establishments Wiley robbed were located in Louisville, Jefferson County, Kentucky, within the Western District of Kentucky.

---

[2]This last ground was not contained in the motion itself.  It was asserted only in Wiley's supporting memorandum.

Wiley admits that this argument was not raised on direct appeal. "It is well settled that an argument not raised on direct appeal is waived. Such an argument can be raised for the first time on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Jones*, 178 F.3d at 796 (quoting *Reed v. Farley*, 512 U.S. 339, 348, (1994)). Wiley cannot point to any prejudice which resulted from the United States being permitted to reopen its case for the limited purpose of establishing venue. The decision whether to permit a party to reopen its case-in-chief after resting is committed to the sound discretion of the trial judge. *United States v. Blankenship*, 775 F.2d 735, 741 (6th Cir. 1985). Moreover, "reopening is often permitted to supply some technical requirement such as the location of the crime -needed to establish venue - or to supply some detail overlooked by inadvertence." *United States v. Hinderman*, 625 F.2d 994, 996 (10th Cir. 1980). Wiley's claim falls short of exhibiting exceptional circumstances or indicating a "complete miscarriage of justice." Accordingly, the Court will not excuse his failure to make this argument at the time of his direct appeal.

Finally, Wiley complains that there were no positive identifications of him by any of the robbery victims at trial and that this is in some way a violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution. Wiley did not raise this argument on direct appeal. Thus, the Court may not consider this claim unless Wiley establishes that it is a "fundamental defect which inherently results in a complete miscarriage of justice." This is a burden Wiley cannot meet because the claim is frivolous. *See United States v. Crenshaw*, 359 F.3d 977, 993 (8th Cir. 2004) (holding "there is no requirement of eyewitness identification to support a conviction" and further noting "it was for the jury to choose between the witnesses or

to reconcile their stories"). Moreover, given the evidence introduced at trial, including Wiley's confession, there was certainly enough evidence to support the jury's verdict. As such, the Court concludes that Wiley procedurally defaulted this claim.

Because all of Wiley's claims are procedurally barred, the Court will deny his § 2255 motion.

### III.

A district court must issue or deny a certificate of appealability ("COA") and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicating which specific issue or issues satisfy the showing required, ' 28 U.S.C. § 2253(c)(3), i.e., a 'substantial showing of the denial of a constitutional right.'") (citing 28 U.S.C. § 2253(c)(2)).

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be

allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.*

This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:   Movant, *pro se*
      Counsel of Record

4411.008